United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY, LTD., a Hong Kong company; and SPIN MASTER LTD., a Canadian corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>ABSOLUTE TOY MARKETING, INC., a Utah corporation, dba HOBBYTRON.COM; TIM GIBSON; and JIM ROYER,<br><br>        Defendants.<br>_____/ | No. C 06-7966 CW<br><br>ORDER GRANTING IN PART PLAINTIFFS' APPLICATION FOR AN ORDER EXPEDITING DISCOVERY |

   On January 22, 2007, Plaintiffs Silverlit Toys Manufactory Ltd. and Spin Master Ltd. filed an ex parte application for an order expediting discovery.  Defendants oppose the request.  The matter was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court grants in part Plaintiffs' request.

   Courts allow expedited discovery upon a showing of good cause. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).  In Semitool, the court explained, "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the

1  prejudice to the responding party."  Id.

2  Plaintiffs have already filed their motion for a preliminary
3  injunction and now argue that expedited discovery is necessary "to
4  ascertain the source and quantity of Defendants' Infringing
5  Products."  Application for Order Expediting Discovery at 5.
6  However, the relief Plaintiffs seek in their motion for preliminary
7  injunction relates to the marketing and sale of allegedly
8  infringing products.  While the source and quantity of those
9  products may be important issues at later stages of litigation,
10 they are not necessary for the Court to decide the motion for a
11 preliminary injunction.

12 Plaintiffs also argue that they need further information about
13 Defendants' alleged plans to introduce a new infringing product
14 beginning in February, 2007 in order "to obtain the complete relief
15 requested by Plaintiffs in their motion for preliminary
16 injunction."  Application at 5.  Because Plaintiffs seek relief
17 that would prohibit the marketing or sale of any infringing
18 product, additional information about Defendants' future plans is
19 not necessary for the Court to decide the motion for a preliminary
20 injunction.

21 Although the information Plaintiffs seek to discover is not
22 necessary for the resolution of the motion for the preliminary
23 injunction, the Court finds that it is appropriate to allow limited
24 expedited discovery in the interest of advancing this case.

25 For the foregoing reasons, Plaintiffs' application for an
26 order expediting discovery (Docket No. 43) is GRANTED in part.

27 Accordingly, and good cause appearing therefor, Plaintiffs may

2

serve the request for production of documents filed as Exhibit B to their application for an order expediting discovery with the following changes:

    (1) Request for Production No. 1 shall state: "All DOCUMENTS and TRANSPORT AND/OR SHIPPING DOCUMENTATION CONCERNING shipments received by YOU, from May 1, 2006 though the present of the following mini RC helicopter toys: PLAINTIFF'S Silverlit Picoo Z$^{TM}$ Helicopter, the 'Picco Z,' the 'Pico Z,' and the 'Picco 3.'"

    (2) Request for Production No. 2 shall state: "All DOCUMENTS and TRANSPORT AND/OR SHIPPING DOCUMENTATION CONCERNING YOUR planned and future distribution of the 'Picco 3' mini RC helicopter."

    (3) Request for Production No. 4 shall state: "All COMMUNICATIONS between YOU and WORLD TRADING, from May 1, 2006 through the present, CONCERNING the following mini RC helicopter toys: PLAINTIFF'S Silverlit Picoo Z$^{TM}$ Helicopter, the 'Picco Z,' the 'Pico Z,' and the 'Picco 3.'"

    The information produced by Defendants shall be subject to the temporary protective order filed concurrently with this order. Either party may move to modify or vacate the protective order.

    IT IS SO ORDERED.

Dated: 2/5/07

CLAUDIA WILKEN  
UNITED STATES DISTRICT JUDGE